UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC T. RUCKER,

                Plaintiff,

v.                                               Case No. 24-cv-1170-pp

ERIC J. SEVERSON, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

      Plaintiff Eric T. Rucker, who was incarcerated at the Waukesha County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      Because the plaintiff was not incarcerated when he filed his complaint, the Prison Litigation Reform Act does not apply to this case. The court evaluates the plaintiff's request to proceed without prepaying the filing fee under 28 U.S.C. §1915(a).

      In the plaintiff's motion to proceed without prepaying the filing fee, he says he is not employed, does not own his home or a car and has no cash or other assets. Dkt. No. 2. He says he lives with relatives and receives $943 per

month in Social Security. Id. at 2. The civil case filing fee is $405 (including a $55 administrative fee that plaintiffs proceeding *in forma pauperis* do not have to pay). Given the plaintiff's lack of income or assets, the court finds that it would impose a significant financial hardship on the plaintiff to require him to pay the $405 filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the $350 filing fee over time as he is able.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The complaint names as defendants Eric J. Severson and "Waukesha County Sheriff Dept. Staff." Dkt. No. 1 at 1. The plaintiff alleges that from September 2019 through March 2020, he was incarcerated at the Waukesha County Jail. Id. at 2. He says that "staff[,] booking, medical, classification all over looked [*sic*]" his records from Milwaukee County Jail, which included a medical restriction prohibiting him from having an upper cell or bunk. Id. The plaintiff says he has partial nerve damage in his leg and he is now "permanently disabled because [he] fell down cast iron medal [*sic*] stairs due to [being] placed in a[n] upper unit." Id. He alleges that he was "given poor medical attention" after his fall and until his release from custody. Id. at 3. The plaintiff alleges that the Social Security Administration has determined that he is "permanently disabled for life." Id. The plaintiff seeks unspecified compensation for his pain and suffering, "violation of rights" and loss of future wages. Id. at 4.

The plaintiff attached to his complaint a cover letter listing cases 22-cv-248-JPS and 23-cv-1575-JPS. Dkt. No. 1-1 at 1. He says he "made and ha[s] also requested numerous appeals asking for [his] case to be heard before any Judge in their Court of Law." Id. He says Judge Stadtmueller "seemed to want to dismiss [his case] before ever even hearing any part of [his] entire case." Id.[1]

C. Analysis

The plaintiff may not proceed on his complaint. Although the complaint names Eric Severson as a defendant, it does not explain who Severson is and does not allege that Severson personally did anything to violate the plaintiff's rights. The complaint also names "Waukesha County Sheriff Dept. Staff" and alleges that unspecified staff from various departments at the Waukesha County Jail violated the plaintiff's rights. A complaint must allege how each defendant was *personally* involved in the alleged conduct and how each defendant *specifically* violated the plaintiff's rights. It is not enough to say that an unspecified group of unidentified persons collectively acted in the same way to violate the plaintiff's rights on an unspecified number of occasions. See Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (affirming that "vague phrasing" in complaint that "'one or more of the Defendants' had engaged in certain acts or deprived [plaintiff] of his constitutional rights . . . does not adequately connect specific defendants to illegal acts"); Gray v. Weber, 244 F.

---

[1] The plaintiff included a note from Aurora Cardiovascular Surgery in Milwaukee, noting that he "underwent Aortic Valve Replacement" on November 27, 2023. Dkt. No. 1-1 at 2. It is not clear how (or whether) this medical record relates to the plaintiff's complaint or claims.

App'x 753, 754 (8th Cir. 2007) (affirming dismissal of prisoner's §1983 complaint against defendants identified "only collectively as 'medical staff'"). The complaint fails to satisfy that standard and does not state a claim against any named defendant.

Even if the complaint had named individual defendants and explained what each of those individual defendants did to violate the plaintiff's rights, the complaint is untimely. The relevant statute of limitation for cases brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The limitation period for §1983 cases arising in Wisconsin is the three-year limitation provision found in Wis. Stat. §893.54 (2018). Wisconsin previously allowed a six-year limitation period but in 2018 reduced that limitation period to three years. See id. (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)) (reducing applicable statute of limitations from six years to three years). The three-year limitation period applies to causes of action accruing on or after April 5, 2018. Although untimeliness is an affirmative defense, the plaintiff may plead himself out of court "if he pleads facts that show that his suit is time-barred." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993).

The complaint alleges that the plaintiff was harmed while at Waukesha County Jail from September 2019 through March 2020. Because the alleged harm occurred after April 5, 2018, the three-year limitations period applies. Under that statute, the plaintiff was required to bring his lawsuit about this

incident no later than March 2023. The court received his complaint on September 13, 2024—about a year and a half too late. The plaintiff has not explained why he did not file his complaint within three years from the date of the incident.

The plaintiff also attached a cover letter in which he cites two previous cases he filed in this district court. In 22-cv-248-JPS, the plaintiff filed in *state* court a complaint against the Waukesha County Jail, Severson and several other defendants. Case No. 22-cv-248-JPS, Dkt. No. 1. The defendants removed the case to federal court. Id. The complaint alleged that the plaintiff was incarcerated at the Waukesha County Jail from September 2018 through March 2019 (*not* September 2019 through March 2020 as he alleges in the complaint in this case), and that he suffered an injury on February 8, 2019, when he fell "down the cast iron metal staircase." Id., Dkt. No. 2-1. Judge Stadtmueller found that the complaint was deficient and ordered the plaintiff to file an amended complaint. Id., Dkt. No. 29. The plaintiff never filed an amended complaint, even though Judge Stadtmueller gave him several extensions of time to do so. Id., Dkt. No. 37. Judge Stadtmueller dismissed the case for plaintiff's failure to prosecute it. Id. at 2 (citing Civil Local Rule 41(c) (E.D. Wis.)). The plaintiff appealed, id., dkt. no. 39, but the Court of Appeals for the Seventh Circuit dismissed the appeal when the plaintiff failed to pay the docketing fee, id., dkt. no. 47.

In case 23-cv-1575-JPS, the plaintiff sued Severson and numerous other defendants—this time in federal court. Case No. 23-cv-1575-JPS, Dkt. No. 1.

He again alleged that he was denied a lower cell at Waukesha County Jail (this time in September 2019), and that he fell down a metal staircase in February 2020. Id. at 2–3. Judge Stadtmueller again ordered the plaintiff to file an amended complaint "because Plaintiff has failed to identify any facts showing the named defendants' personal involvement." Id., Dkt. No. 4 at 4. The plaintiff again did not file an amended complaint, so Judge Stadtmueller dismissed the case under §§1915 and 1915A because the original complaint did not state a claim. Id., Dkt. No. 5.

These cases show that Judge Stadtmueller did not "dismiss [the plaintiff's case] before ever even hearing any part of" it. Dkt. No. 1-1. Judge Stadtmueller twice reviewed the plaintiff's complaint and gave him an opportunity to amend his complaint to clarify his allegations, because as alleged they did not state a claim under §1983. The plaintiff twice failed to follow those instructions and twice failed to file an amended complaint, so Judge Stadtmueller dismissed his cases. The plaintiff now has filed a third complaint about the alleged events at Waukesha County Jail from September 2019 (or 2018) through March 2020 (or 2019). But as the court has explained, the plaintiff now is barred from proceeding on this claim because the alleged events occurred outside the three-year limitation period.

The court will dismiss this lawsuit as untimely filed. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th

Cir. Apr. 5, 2022) (citing Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). The court finds that additional facts would not alter its conclusion that the plaintiff brought his complaint (for the third time) over one and a half years too late. The court finds it certain that amendment would be futile and will not allow the plaintiff to amend his complaint.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** because the complaint is untimely. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case

in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 11th day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**